## Commonwealth v. Catlin

*David K. Lewis*, for Commonwealth.

McKAY, J., April 29, 1960.—On November 29, 1959, an information was filed by S. O. Rodawalt, an agent of the Department of Agriculture, before Vern F. Palmer, justice of the peace of Vernon Township, charging defendant with violating section 12 of the Dog Law of May 11, 1921, P. L. 522, as amended, 3 PS §472. That section makes it a summary offense to permit dogs kept in a kennel to stray. On December 29, 1959, she pleaded not guilty and waived a hearing before the justice of the peace, who fixed bail at $150 and committed defendant to jail in default of bail.

She was released on January 6, 1960, when her son furnished cash bail in the amount of $150. A hearing in court was set for April 26, 1960, but due to an error in the hour fixed for hearing, when the case was called

defendant did not appear, whereupon her bail was forfeited in open court.

Inasmuch as the Dog Law does not authorize one charged with its violation to waive a hearing to court, the justice should have tried the case instead of permitting the waiver. Consequently, all of the proceedings from the time that defendant was permitted to waive a hearing are null and void. This includes the unlawful acts of the justice of the peace in requiring bail and in committing defendant to jail in default of bail, as well as the forfeiture of her bail in court for failure to appear at the time fixed for hearing. Accordingly, the bail forfeiture should now be remitted and the case referred back to the justice of the peace for trial on its merits under the original information.

Inasmuch as the case must be now heard before Alderman Palmer, we will make no comment on the merits of it. Certainly the Dog Law is an important one and should be strictly enforced.

We note, however, that the prosecuting officer filed the information before a justice of the peace whose office is in Springfield Township, some 20 miles away from the place of the violation and the residence of defendant, notwithstanding a large number of justices of the peace whose offices were between those points were available to entertain the case. When the agent was asked by us at the hearing why this was done, he frankly stated that his reason was purely political.

We are informed that it is the policy of this agent to file informations for violations of the Dog Law before a few favored justices of the peace, thus requiring unnecessary travel by and inconvenience to defendants. It is admittedly the law that any justice of the peace has jurisdiction to hear violations of summary offenses except, of course, for violations of The Vehicle Code which must be brought before the nearest available magistrate. In the opinion of both judges of this

court, however, the policy followed by the agent is unfair to defendants and from complaints received by us, it is generally considered by the public to be unjust and to smack of persecution. Certainly political motivation should have no part whatever in the enforcement of the criminal law.

While we have no power to require any officer to file an information for violation of a summary offense before any particular magistrate, and recognize his power to select the magistrate, we suggest that public respect for law enforcement would be enhanced if all officers would bring their prosecutions wherever feasible before the nearest magistrate to the place of the commission of the offense or the residence of defendant, who can be expected to give both the Commonwealth and defendant a fair and unbiased trial, rather than to select favored magistrates at a greater distance because of political or other improper motives.

### *Order*

Now, April 29, 1960, it is ordered as follows:

(1) That the forfeiture of the bail for defendant's appearance which was done in open court on April 26, 1960, be remitted and the clerk of courts is directed to return the amount of cash bail deposited with her to the person who furnished it without the deduction of any commission for handling it;

(2) That the case be referred back to justice of the peace Vern F. Palmer for trial on the merits upon the information heretofore filed;

(3) That the costs of the justice of the peace to this date be borne by Vern F. Palmer, the justice of the peace who certified the case to court instead of holding a trial as required by law, that the record costs to this date be paid by county and that the remaining costs and subsequently incurred costs await the final determination of the case.